IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| KYLE M. YOUNG, | ) | CV 04-60-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, Warden, Montana State Prison; MONTANA BOARD OF PARDONS AND PAROLE | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On May 10, 2005, United States Magistrate Judge Carolyn S. Ostby filed Findings and Recommendation in this matter. Plaintiff, a pro se prisoner, timely objected. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

**I.  Background**

Young was originally convicted of criminal endangerment, forgery, and deceptive practices. On March 23, 2004, the Montana Board of Pardons and Parole ("the Board") denied Young's parole application. The Board signed a standard "Case Disposition" form

1

that informed Young: "After careful evaluation of all relevant facts known to the Board, including those under Section 46-23-202(1), MCA, and in accordance with Sections 46-23-201 through 46-23-218, MCA, the Board denies your parole application or reapplication at this time." The Board cited the nature and severity of Young's offenses, his previous criminal history, his pattern of similar offenses, his multiple offenses, and his institutional history while under parole or probation supervision as reasons for denying his application. The Board recommended that Young be placed in a pre-release program so long as he was able to keep his institutional record clear for six more months. The Board set a progress review for March 2005.

Young filed a federal habeas petition challenging the Board's decision to deny his release.

## II. Analysis

### A.   Standard of Review under 28 U.S.C. § 2254(d)

Having filed a federal habeas petition challenging an administrative decision, Young's claims are governed by 28 U.S.C. § 2254(d). White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004). He is only entitled to relief under § 2254(d) if the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

**B.   Merits of Petition**[1]

The Supreme Court has held that a parole board meets the requirements of due process by affording a parole applicant "an opportunity to be heard" and informing him "in what respects he falls short of qualifying for parole."  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 15 (1979).

Here, Young does not dispute that he received notice and a parole hearing at which he was given an opportunity to be heard. Instead he claims that he presented a case for his release that met all the requirements of Montana Code Annotated § 46-23-201 and the Board still denied his application due to its bias and reliance on "boilerplate generalities."  However, nothing in the Board's written decision indicates that it abused its broad discretion in determining whether there was a reasonable probability that Young could be released without detriment to himself or to the community.  See Mont. Code Ann. § 46-23-201(1). In fact, the Board's decision indicates that it considered relevant facts, including Young's history of multiple underlying offenses.  According to the Court in Greenholtz, these were proper considerations.  442 U.S. at 15 ("The parole determination therefore must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case.").

---

[1] Judge Ostby reviewed the merits of Young's petition despite the possibility that Young failed to exhaust his claims.  In reviewing Judge Ostby's Findings and Recommendation, this Court likewise reviews the merits of Young's petition.

Judge Ostby also concluded that this Court lacks jurisdiction to hear Young's challenge to the Montana Supreme Court's opinion denying his state habeas petition because Young could not claim that his custody was a result of the Montana Supreme Court's decision. See 28 U.S.C. § 2254(a). Finally, Judge Ostby recommended that Young's request for a certificate of appealability be denied because he could not make a substantial showing of the denial of a constitutional right.

I find no error in Judge Ostby's findings and conclusions. Young is not entitled to relief under § 2254(d).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Judge Ostby's Findings and Recommendation (**dkt #8**) are adopted in full.

2. Young's petition for writ of habeas corpus (**dkt #1**) is **DENIED** on the merits.

3. Young's request for certificate of appealability is DENIED.

**4.   All other pending motions are DENIED as moot.**

DATED this 10th day of August, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court

4